IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAVON JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | No. 14 C 1409 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| Cook County Sheriff THOMAS DART, in his | ) | |
| official capacity and Attorney General of Illinois | ) | |
| LISA MADIGAN, in her official capacity, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Lavon Johnson, currently awaiting trial in the Circuit Court of Cook County for unlawful use of a weapon, has brought an Amended Petition for Writ of Habeas Corpus under 28 U.S.C. §§ 2241, 2242, and 2254[1] seeking to enjoin his state criminal prosecution based on a claim that the criminal statutes under which he has been charged violate various provisions of the United States Constitution. Respondents have moved to dismiss the petition based on the Younger Abstention Doctrine. See Younger v. Harris, 401 U.S. 37 (1971). For the reasons discussed below, the court grants respondents' motion to dismiss.

**BACKGROUND**

On February 16, 2014, petitioner, an Arkansas resident, was arrested at a Greyhound Bus Station in Chicago after officers discovered two loaded handguns in an unlocked case in his luggage. It is unclear whether petitioner had a valid firearm owner's identification ("FOID")

---

[1] If petitioner were in custody pursuant to a final judgment of the state court, he could seek habeas relief under § 2254. Because the state court has not issued a final judgment in petitioner's criminal case, § 2241 governs, thus making § 2242 and § 2254 inapplicable to this petition. See Neville v. Cavanagh, 611 F.2d 673, 675 (7th Cir. 1979).

card at the time he was arrested.[2]  Subsequently, petitioner was charged with two counts of unlawful use of a weapon ("UUW") in a public transportation agency pursuant to 720 ILCS 5/24-1(a)(4), and two counts of aggravated unlawful use of a weapon ("AUUW") without a currently valid FOID card pursuant to 720 ILCS 5/24-1.6(a)(1), (a)(3)(C).  At a preliminary hearing in the Circuit Court of Cook County on February 24, 2014, Judge Marvin Luckman found probable cause.  On March 17, 2014, Judge Matthew Coghlan arraigned petitioner and granted him electronic monitoring in lieu of bond.  Petitioner remains under electronic monitoring while he awaits trial in the Circuit Court of Cook County.

## DISCUSSION

Respondents move to dismiss petitioner's writ for habeas corpus pursuant to the Younger abstention doctrine.  "Because Younger abstention concerns whether courts should exercise jurisdiction that they have over the parties' claims, motions to dismiss on Younger grounds are best construed as motions pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss for lack of subject matter jurisdiction."  Powell v. Saddler, 2012 WL 3880198, at *3 (N.D. Ill. Sept. 6, 2012).  Therefore, respondents' motion to dismiss is considered as a motion made pursuant to Rule 12(b)(1).

To permit state courts to try state cases free from interference by federal courts, "Younger generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings."

---

[2]Petitioner alleges that his Arkansas FOID card was active at the time of his arrest in Illinois and was suspended only following that arrest.  Respondents, however, contend that petitioner's Arkansas FOID card was suspended at the time of his arrest due to an ongoing homicide investigation in Little Rock involving petitioner.

2

FreeEats.com, Inc. v. Indiana, 502 F.3d 590, 595 (7th Cir. 2007). The Younger doctrine advances the notion of comity, which the Supreme Court has defined as "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." Id. (quoting Younger, 401 U.S. at 44-45). Abstention is especially important in ongoing state court criminal proceedings because states have a strong "interest in administering their criminal justice systems free from federal interference." Kelly v. Robinson, 479 U.S. 36, 49 (1986).

Abstention under the Younger doctrine "ensures that individuals or entities who have violated state laws cannot seek refuge from enforcement of those laws behind the equitable powers of the federal courts." Forty One News, Inc. v. County of Lake, 491 F.3d 662, 665 (7th Cir. 2007). "[I]f a person is believed to have violated a state law, the state has instituted a criminal disciplinary or other enforcement proceeding against him, and he has a federal defense, he cannot scurry to federal court and plead that defense as a basis for enjoining the state proceeding." Id. (quoting Nader v. Keith, 385 F.3d 729, 732 (7th Cir. 2004)). That is precisely what petitioner is attempting to do in the instant case.

State courts "are just as able to enforce federal constitutional rights as federal courts," and thus provide an adequate opportunity for a petitioner to raise constitutional claims. Brunken v. Lance, 807 F.2d 1325, 1331 (7th Cir. 1986). Every issue petitioner raises in the instant case can and should be raised in the state trial court. If petitioner is subsequently denied relief on

those claims, he can raise them again in both the Illinois Appellate Court and Illinois Supreme Court, which are just as able to hear his constitutional claims as this court.

There are, however, limited exceptions to Younger abstention. A federal district court should not abstain where: (1) the pending state proceeding was motivated by a desire to harass or is conducted in bad faith; (2) the petitioner has demonstrated an extraordinarily pressing need for immediate equitable relief that, if not granted, will irreparably injure him; or (3) the challenged provision is flagrantly and patently violative of express constitutional prohibitions. Jacobson v. Vill. of Northbrook Mun. Corp., 824 F.2d 567, 570 (7th Cir. 1987) (internal citations and quotations omitted). "[T]he exceptions provide a very narrow gate for federal intervention in pending state criminal proceedings." Arkebauer v. Kiley, 985 F.2d 1351, 1358 (7th Cir. 1993).

Petitioner has failed to demonstrate that his claim for relief falls within any of these narrow exceptions to Younger. First, his petition does not allege that the state prosecution against him is motivated by a desire to harass or that it is being conducted in bad faith. In his response brief, petitioner does suggest that charging him with violations of a statute that Moore v. Madigan, 702 F.3d 933 (7th Cir. 2012), held unconstitutional "shaves very close to harassment or bad faith prosecution." The Seventh Circuit made clear in Arkebauer, however, that he must "allege specific facts to support an inference of bad faith." 985 F.2d at 1359. "This specific evidence must show that state prosecution was brought in bad faith for the purpose of retaliating for or deterring the exercise of constitutionally protected rights." Id. (internal citations and quotations omitted). The instant petition contains no such specific allegations and, as discussed below, petitioner was not charged with violating the specific sections held

4

unconstitutional by <u>Moore</u>. Thus, he has failed to allege sufficient facts to support a claim that the state is prosecuting him in bad faith.

Under the second exception to <u>Younger</u> abstention, petitioner must demonstrate an extraordinarily pressing need for immediate equitable relief that, if not granted, will irreparably injure him. Injuries, however, that are "incidental to every criminal proceeding brought lawfully and in good faith," <u>Younger</u>, 401 U.S. at 47 (quoting <u>Douglas v. City of Jeannette</u>, 319 U.S. 157, 164 (1943)), do not present an immediate threat that would entitle a petitioner to equitable relief even if the statute under which the petitioner was charged is unconstitutional. <u>Id.</u> at 46. "The imminence of such a prosecution even though alleged to be unauthorized and hence unlawful is not alone ground for relief." <u>Id.</u> (quoting <u>Watson v. Buck</u>, 313 U.S. 387, 400 (1941)). Petitioner asserts that the denial of his Second Amendment right to bear arms "would constitute a fundamental miscarriage of justice and a manifest injustice," but suspension of his Arkansas FOID card is exactly the type of injury incidental to a state criminal prosecution that does not support equitable relief. Therefore, petitioner fails to demonstrate an extraordinarily pressing need for immediate equitable relief.

Finally, petitioner relies heavily on <u>Moore</u> to assert that his prosecution in state court is brought under flagrantly and patently unconstitutional state statutes. In <u>Moore</u>, the Seventh Circuit held that Illinois' "flat ban on carrying ready-to-use guns outside the home," specifically 720 ILCS 5/24-1.6(a)(1), (a)(3)(A), (d), was unconstitutional because it violated the Second Amendment. The statutes under which petitioner is charged, 720 ILCS 5/24-1(a)(4) and 720 ILCS 5/24-1.6(a)(1), (a)(3)(C), are merely restrictions on where a person may carry a gun in

5

public and what certification is required to carry that gun. Neither statute constitutes "[a] blanket prohibition on carrying a gun in public." Moore, 702 F.3d at 940.

In People v. Aguilar, 2013 IL 112116, 2 N.E.3d 321 (2013), a state court criminal defendant was charged under the same section of the AUUW statute, 5/24-1.6(a)(1), (a)(3)(A), (d), as the plaintiff in Moore. After being convicted in the state trial court, that defendant correctly brought his constitutional claims before the Illinois reviewing courts. The Illinois Supreme Court subsequently adopted Moore's holding and reversed the defendant's conviction under that section. Contrary to petitioner's assertion in the instant case that Aguilar held all "proscriptions against the possession of firearms outside the home unconstitutional," the Illinois Supreme Court strongly reiterated that it was making "no finding, express or implied, with respect to the constitutionality or unconstitutionality of any other section or subsections of the AUUW statute." Aguilar, 2013 IL 112116, ¶22, n. 3. In any event, if petitioner truly believes that the statutes under which he has been charged are flagrantly and patently unconstitutional, he should, like the defendant in Aguilar, bring those claims before the Illinois courts.

Because petitioner fails to show why abstention is inappropriate at this time or that his claims fall under the limited exceptions to Younger, the court grants respondents' motion to dismiss.

## **CONCLUSION**

For the foregoing reasons, respondents' Motion to Dismiss the Amended Petition for Writ of Habeas Corpus is granted.

**ENTER:**  July 21, 2015

                                          **Robert W. Gettleman**
                                          **United States District Judge**